UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Duracell U.S. Operations, Inc., | : | No.: 1:25-cv-05020-JPC |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| Energizer Brands, LLC, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**OPPOSITION TO ENERGIZER BRANDS, LLC'S
OBJECTION TO AND MOTION TO STRIKE THE REPLY DECLARATIONS OF
<u>RAYMOND IVESON, ALFONSO ARTEAGA, AND CHRISTOPHER J. PULIDO</u>**

## I.    <u>INTRODUCTION</u>

Duracell's reply declarations properly rebut incorrect assertions made by Energizer in its opposition—such as the availability, or rather lack thereof, of Energizer Enhanced Energy batteries at the time Energizer launched the Energizer False Advertising campaign—and provide important testing data that was not available at the time of the moving papers (but was previewed for the Court and Energizer). Under well-established Second Circuit law, such evidence is permissible when it responds to issues first raised in opposition. Duracell has consistently maintained its legal theory, acted diligently and in good faith, and provided the Court with the information needed for a fair and informed decision. Striking this evidence would unjustly prejudice Duracell and deprive the Court of a complete record. The motion should be denied.

## II.    <u>LEGAL STANDARD</u>

Courts in the Second Circuit routinely permit reply declarations that respond to new arguments or factual disputes raised in opposition. *Gilmore v. Bouboulis*, No. 3:15-CV-0686 (GTS/DEP), 2016 U.S. Dist. LEXIS 115315, at *64 (N.D.N.Y. Aug. 29, 2016) ("[I]t is axiomatic that reply papers may properly address new material issues raised in the opposition papers."); *Filipkowski v. Bethpage Fed. Credit Union*, No. 20-CV-1754(JS)(AKT), 2021 U.S. Dist. LEXIS 41251, at *2 (E.D.N.Y. Mar. 4, 2021) (considering reply declarations "that directly respond to evidence proffered in . . . opposition") (cleaned up); *Lucina v. Carnival PLC*, No. 17-CV-6849 (CBA) (LB), 2019 U.S. Dist. LEXIS 49371, at *14 n.1 (E.D.N.Y. Mar. 21, 2019) (declining to strike affidavits and evidence submitted in reply "because they respond to material questions raised in" an opposition brief). The purpose of a reply is to address matters that could not have been fully anticipated in the opening motion, ensuring the Court has a complete and accurate record—a point confirmed by Energizer's own cited case. *See Paz Sys. v. Dakota Grp. Corp.*, No. CV 05-4763 (LDW) (WDW), 2006 U.S. Dist. LEXIS 103301, at *9 (E.D.N.Y. June 16, 2006) ("Reply papers

are permitted in part to allow the movant to properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.") (cleaned up). Where, as here, the moving party has previewed the development of additional evidence in its initial submission, and the reply evidence is responsive to issues raised in opposition, such evidence is proper.

Energizer's reliance on cases striking reply evidence is misplaced, as those cases involved attempts to cure deficiencies that could have been addressed in the initial motion, not situations where the reply evidence was foreshadowed and directly responsive to new arguments or clarifications by the opposing party. *See Paz*, 2006 U.S. Dist. LEXIS 103301, at *10-11 (striking evidence included with plaintiff's reply where plaintiff "ha[d] been in possession of the [evidence at issue] since August 2005," more than two months before the complaint was filed); *Kenney v. Clay*, 172 F. Supp. 3d 628, 642 (N.D.N.Y. 2016) (on motion for summary judgment, holding that two claims that "[d]efendants utterly failed to address in their initial moving papers" and addressed "for the first time in their reply papers" would survive for trial); *MPD Access., B.V. v. Urban Outfitters, Inc.*, 2013 U.S. Dist. LEXIS 153035, at *16-17 (S.D.N.Y. Oct. 23, 2013) (considering portions of evidence included with reply papers "that address[ed] the material issue . . . raised by the plaintiff in its opposition papers," and declining to consider evidence that defendant's counsel "*admittedly*" included "to correct evidentiary deficiencies in their initial submissions") (emphasis added); *Aurora Loan Servs. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007) (striking evidence included with plaintiff's reply papers where "[p]laintiff was aware of and in possession of these documents at the time [plaintiff] filed for summary judgment, and it therefore could have included them in its papers").[1] That is not the case here.

---

[1] Additionally, Energizer relies on *Knipe v. Skinner*, 999 F.2d 708 (2d Cir. 1993) for the proposition that "[a]rguments may not be made for the first time in a reply brief." ECF 41 at 2. This approach to arguments and evidence presented

III.    **ARGUMENT**

### A.  Duracell Previewed and Consistently Developed Its Testing Evidence

Duracell's opening motion made clear that additional testing of Energizer's Enhanced Energy batteries was ongoing and necessary to address the evolving factual landscape. Mr. Iveson's initial declaration specifically identified the acquisition of 264 Energizer MAX AA batteries bearing the "Powered by Enhanced Energy" label, detailed their date codes and purchase locations, and expressly stated that ANSI-standard testing was in progress and expected to conclude within a month. *See* ECF 24 ¶¶ 21, 26. The reply declaration simply reports the results of this previously-disclosed, ongoing testing—results that are consistent with Duracell's initial findings and directly address the reliability concerns Energizer raised in opposition. This approach is reasonable in the context of a preliminary injunction, where the factual record is necessarily developing and the need for timely, accurate information is paramount.

### B.  Energizer Mischaracterizes Duracell's Testing and the Factual Record

Energizer's motion to strike is based on a mischaracterization of the record. Energizer misleadingly states that the "Iveson Declaration acknowledged that Duracell had acquired hundreds of Energizer Enhanced Energy AA batteries, Iveson Decl. ¶ 21, but Duracell only tested Energizer batteries that were not labeled as Enhanced Energy, *id.* ¶¶15-16" (ECF 41 at 3), thus suggesting that Duracell had relevant testing on hand that it failed to include in support of its motion and waited to submit it on reply. That is not true. Mr. Iveson explained the lack of availability of the Energizer Enhanced Energy batteries at the time Energizer launched the

---

on reply is outdated, and Energizer's reliance on a 1993 case is inapposite. Duracell believes that its arguments and evidence are proper responses to issues raised by Energizer in its opposition. However, even if that were not the case, the Second Circuit has long held that district courts hold broad discretion to consider arguments and evidence first raised on reply. *See Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005); *Compania del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venez.*, 341 F. App'x 722, 724 (2d Cir. 2009); *see also Am. Hotel Int'l Grp. Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009) ("[T]he Second Circuit has made it abundantly clear that a district court has *discretion* to consider a belatedly-raised argument.") (emphasis in original).

Energizer False Advertising campaign in early June 2025 (ECF 38 ¶ 20), that the lack of availability impacted "Duracell's ability to buy and test the veracity of the claims that are being made by Energizer" with respect to the Energizer Enhanced Energy batteries (*id.*), how he reasonably anticipated that certain Legacy MAX batteries would perform comparably to the Energizer Enhanced Energy batteries (*id.* ¶¶ 21-24), and that as of the date of filing, July 15, 2025, "testing of the Energizer Enhanced Energy AA batteries is ongoing" and that he expected such testing "to be completed within approximately one month" (*id.* ¶ 26), *i.e.*, by mid-August. Energizer would have Duracell sit on its hands for another month, waiting for these test results, while Energizer continued its brazen False Advertising campaign. Had Duracell done so, Energizer undoubtedly would have argued that Duracell delayed bringing its motion for preliminary injunction.

And as set forth in Mr. Iveson's reply declaration, and as predicted in his initial declaration, the results of the Enhanced Energy battery testing were consistent with Duracell's testing of the Legacy MAX batteries. Indeed, Energizer's declarant, Mr. Durbin, ***confirmed*** that the Indonesia-manufactured batteries without the "Enhanced Energy" label initially tested by Duracell ***were in fact*** Enhanced Energy batteries. *See* ECF 34-7 ¶ 21. Accordingly, in ***response***, Mr. Iveson included those Indonesia-manufactured batteries in Duracell's updated test results. *See* ECF 38 ¶ 5 (including test results for both batteries labeled as "Enhanced Energy," as well as batteries labeled "Enhanced Energy" combined with those Indonesia-manufactured batteries Mr. Durbin confirmed were in fact Enhanced Energy batteries). In short, Mr. Iveson's reply declaration merely, and properly, clarifies and supplements the record in light of this new information. The law does not require a party to anticipate and preempt every possible factual argument, especially where, as here, the opposing party's own conduct has contributed to the confusion. *See Litton Indus., Inc. v.*

*Lehman Bros. Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992) (denying motion to strike defendant's affidavit submitted with reply brief because the affidavit "respond[ed] to matters placed in issue by [plaintiff] in its opposition brief and does not spring upon [plaintiff] *new reasons* for the entry of summary judgment") (emphasis added); *Kuehne & Nagel Inc. v. A.G.R. Eshcol Overseas, Ltd.*, 2014 U.S. Dist. LEXIS 113657, at *10 (S.D.N.Y. Aug. 14, 2014) (denying motion to strike where affirmations submitted with reply "properly address[ed] . . . opposition arguments . . . with relevant testimony").

Notably, there is no prejudice to Energizer, and Energizer does not assert any. If Energizer truly believed that the supplemental testing was new *and wrong*, it could have moved for a sur-reply. Its failure to do so is telling. *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) (affirming district court's decision to consider evidence submitted with plaintiff's reply papers because "reply papers may properly address new material issues raised in the opposition papers," and because defendant "did not move the district court for leave to file a sur-reply" to respond to the new evidence and did not "claim that it has any contrary evidence to introduce even if it were given an opportunity to proffer it"); *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (appellant opposing new argument could not "claim unfair prejudice now" where she could have "sought to file a responsive sur-reply" with the district court but failed to do so); *accord Yorke v. TSE Grp. LLC*, No. 18-CV-5268 (JMF), 2019 U.S. Dist. LEXIS 119102, at *5 (S.D.N.Y. July 17, 2019) (exercising discretion to consider evidence submitted with reply in part because challenging party "never sought leave to file a sur-reply").

### C. Duracell's Contextual Evidence Is Proper and Directly Relevant to the Preliminary Injunction Analysis

Energizer's assertion that Duracell is advancing a new "misleading" or implied falsity theory (*see* ECF 41 at 4-5 (citing the Pulido Declaration and exhibits thereto)) is incorrect and

mischaracterizes both the record and the law. Duracell's core legal theory in its motion has remained consistent: that Energizer's advertising is literally false or, at a minimum, false by necessary implication. The evidence Duracell submits regarding product availability and the timing of Energizer's advertising campaign does not introduce a new legal claim. Rather, it provides essential context for the Court's evaluation of two elements of preliminary injunctive relief—irreparable harm and the balance of equities.

Courts routinely consider such contextual evidence when determining whether challenged conduct is likely to cause ongoing harm or confusion in the marketplace. *See, e.g.*, *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 261 (2d Cir. 2014) (affirming lower court's utilization of presumption of injury given "the context of the market at the time of this lawsuit"). Here, the availability of the advertised product and the timing of the advertising campaign are not peripheral issues; they are central to assessing the risk of consumer deception and the competitive harm Duracell faces. Duracell's reply evidence directly responds to and rebuts Energizer's arguments regarding widespread product availability.

Mr. Arteaga's reply declaration,[2] moreover, addresses the real-world impact of the Energizer False Advertising **by simply agreeing with Energizer's declarant** that "by far, the most important time of year for battery sales is during the holiday period from October to December, which are the highest selling months for household batteries" (ECF 34-1 ¶ 19). Mr. Arteaga's reply declaration—confirming Duracell's agreement with Energizer's evidence—"merely responds to matters placed in issue by the opposition brief", and accordingly, there is no need to strike it. *See Utica Policy.Charter Oak Fire Ins. Co. v. Utica First Ins. Co.*, No. 1:22-cv-06611-OEM-JRC, 2024 U.S. Dist. LEXIS 123123, at *8-9 (E.D.N.Y. July 12, 2024) (finding affidavit "may properly

---

[2] Energizer mistakenly refers to Mr. Arteaga as Mr. "Argueta". *See, e.g.*, ECF 41 at 5.

be considered" where it responded to issue raised in opposition brief); *see also Wilmington PT Corp. v. Tiwana,* No. 19-CV-2035, 2023 U.S. Dist. LEXIS 102106, at *27 (E.D.N.Y. June 12, 2023) ("When evidence submitted on reply merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of [the underlying motion], reply papers . . . may properly address those issues.") (cleaned up).

The reply declarations are therefore proper for a fair adjudication of the issues before the Court.

### D. Any Confusion Regarding Product Types and Availability Is Attributable to Energizer's Own Conduct

To the extent there has been any confusion regarding the types of batteries tested or their availability in the marketplace, such confusion is the direct result of Energizer's own marketing practices which came to light in its opposition papers (*e.g.*, its sale of batteries purportedly "powered by Enhanced Energy" in Legacy MAX packaging). Duracell has acted with diligence and transparency with its motion and reply, and the reply declarations are a good-faith effort to clarify the record in response to Energizer's positions. The equities strongly favor consideration of the reply evidence, as exclusion would reward Energizer for its own lack of clarity in its product offerings.

### E. The Court's Interest in a Full and Fair Record Strongly Favors Denial of the Motion to Strike

The Court's paramount interest is in resolving the parties' dispute on a full and fair record. Even if Duracell's reply included novel arguments and evidence that could have been anticipated and included in its motion—which Duracell disputes—"[a] district court enjoys broad discretion (1) to consider arguments made for the first time in a reply brief . . . ; (2) to rely on evidence submitted with the reply papers . . . ; and (3) to decide dispositive motions on written submissions without oral argument." *Compania del Bajo Caroni (Caromin), C.A. v. Bolivarian*

*Republic of Venez.*, 341 F. App'x 722, 724-25 (2d Cir. 2009).

The Second Circuit's flexible approach to reply evidence is designed to ensure that the Court is equipped to make informed decisions on the merits.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Energizer's motion to strike the reply declarations of Raymond Iveson, Alfonso Arteaga, and Christopher J. Pulido, as well as the related portions of Duracell's reply memorandum. The reply declarations are proper, directly responsive to new arguments and factual assertions raised by Energizer, and are necessary to ensure a fair and complete adjudication of Duracell's motion for a preliminary injunction.

Dated:  August 17, 2025                              Respectfully submitted,


                                                    */s/ James T. Hultquist*

                                                    Casey D. Laffey
                                                    REED SMITH LLP
                                                    599 Lexington Avenue
                                                    22nd Floor
                                                    New York, NY 10022
                                                    Telephone: + 1 212 521 5400
                                                    Facsimile: + 1 212 521 5450

                                                    James T. Hultquist (*pro hac vice*)
                                                    Jennifer Y. DePriest (*pro hac vice*)
                                                    REED SMITH LLP
                                                    10 South Wacker Drive
                                                    Chicago, IL  60606-7507
                                                    Telephone: +1 312 207 1000
                                                    Facsimile: +1 312 207 6400

                                                    Robert N. Phillips (*pro hac vice*)
                                                    Christopher J. Pulido (*pro hac vice*)
                                                    Reed Smith LLP
                                                    101 Second Street
                                                    Suite 1800
                                                    San Francisco, CA  94105-3659
                                                    Telephone: +1 415 543 8700
                                                    Facsimile: +1 415 391 8269

                                                    *Counsel for Duracell U.S. Operations, Inc.*

- 8 -

**<u>CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMITATIONS</u>**

This brief complies with the word-count limitations of Joint Local Rule 7.1(c) because it contains 2,516 words, including material contained in footnotes or endnotes, and excluding the parts exempted by Joint Local Rule 7.1(c). In preparing this certificate, I have relied on the word count of the word-processing program used to prepare this brief.

*/s/ James T. Hultquist*
James T. Hultquist

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2025, I caused a true and correct copy of the foregoing OPPOSITION TO ENERGIZER BRANDS, LLC'S OBJECTION TO AND MOTION TO STRIKE THE REPLY DECLARATIONS OF RAYMOND IVESON, ALFONSO ARTEAGA, AND CHRISTOPHER J. PULIDO to be served on defendant's counsel by electronically filing the document via the Court's ECF system.

*/s/ James T. Hultquist*
James T. Hultquist