UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
DURACELL U.S. OPERATIONS, INC.,                                    :
:
                 Plaintiff,                                          :
:
       -v-                                                         :   25 Civ. 5020 (JPC)
:
:   OPINION AND ORDER
ENERGIZER BRANDS, LLC,                                             :
:
                 Defendant.                                         :
:
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Plaintiff Duracell U.S. Operations, Inc. ("Duracell") initiated this action on June 13, 2025, bringing causes of action for false advertising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, Dkt. 1 ¶¶ 70-77, for deceptive trade practices and false advertising under New York General Business Law Sections 349 and 350, *id.* ¶¶ 78-83, and for unfair competition under New York common law, *id.* ¶¶ 84-87. On July 15, 2025, Duracell moved for a preliminary injunction, seeking to enjoin and Defendant Energizer Brands, LLC ("Energizer") from using certain statements in its advertisements. Dkts. 20, 21. Energizer opposed the motion on July 29, 2025, Dkt. 34, and Duracell replied on August 5, 2025, Dkt. 37.

       On August 11, 2025, Energizer moved to strike the declarations submitted by Duracell in support of its reply brief, as well as the portions of the reply brief that reference those declarations, arguing that they present "several new factual and legal arguments." Dkt. 41 at 2. Duracell opposed Energizer's motion to strike on August 17, 2025. Dkt. 44.

       In general, "new arguments may not be made in a reply brief," *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999), nor may a party "submit on reply evidentiary

information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden," *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (collecting cases).  At the same time, however, "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Refin. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) (internal quotation marks omitted). The purpose of these rules is relatively straightforward: to prevent a party from being prejudiced by the inability to respond to the opposing party's arguments or evidence, *see In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006) (Sotomayor, J.) (explaining that courts "generally do not consider issues raised in a reply brief for the first time" because the nonmoving party "may not have an adequate opportunity to respond" (internal quotation marks omitted)), and to facilitate the federal courts' "adversarial system of adjudication" that "rel[ies] on the parties to frame the issues for decision and assign[s] to courts the role of neutral arbiter of matters the parties present," *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (internal quotation marks omitted).  *See also Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992) ("To consider an argument discussed for the first time in reply would be manifestly unfair to the [nonmoving party] who . . . has no opportunity for a written response[, and] it would risk the possibility of an improvident or ill-advised opinion, given our dependence as an Article III court on the adversarial process for sharpening the issues for decision." (internal quotation marks omitted)).

Thus, "[w]here new evidence [or arguments] [are] presented in a party's reply brief or affidavit in further support" of its motion, district courts should generally "permit the nonmoving party to respond to the new matters prior to disposition of the motion." *Bayway Refin.*, 215 F.3d at 227 (internal quotation marks omitted); *see also Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414,

418 (2d Cir. 2001) (explaining that "in most cases trial judges can provide parties with an adequate opportunity to respond to particular arguments" raised for the first time in reply "by ordering additional briefing or an extra round of oral argument"). If the nonmoving party has had no such opportunity to respond, a district court may properly exercise its discretion and strike or decline to consider the new arguments or evidence presented by the moving party in reply. *See, e.g.*, *United States ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, No. 08 Civ. 7826 (JGK) (KNF), 2012 WL 1228199, at *5 (S.D.N.Y. Apr. 9, 2012) (concluding that it "would be fundamentally unfair to the defendants" for the court to consider evidence "submitted for the first time in reply" because doing so "would deprive them of an opportunity to respond"); *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) (finding it would be "manifestly unfair to allow [the movant] to make a complex and possibly dispositive argument" for the first time in reply "after [the nonmovant's] opportunity to respond has passed"), *aff'd*, 159 F.3d 1347 (2d Cir. 1998). Where, on the other hand, the nonmoving party has had an adequate opportunity to respond to the new arguments or evidence presented by the moving party's reply brief, courts may, in their discretion, consider such arguments or evidence.[1] *See, e.g.*, *Kingstown Cap. Mgmt., L.P. v. Vitek*, No. 20-3406-cv, 2022 WL 3970920, at *1 (2d Cir. Sept. 1, 2022) (summary order) (concluding that the district court did not abuse its discretion by considering an affidavit filed for the first time on reply

---

[1] Of course, although courts "have discretion to consider forfeited arguments, a waived argument may not be revived." *Doe v. Trump Corp.*, 6 F.4th 400, 409 n.6 (2d Cir. 2021); *see also United States v. Olano*, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)). A party's mere failure to "raise arguments in [its] opening brief" typically results in forfeiture of those arguments. *Potter v. Inc. Vill. of Ocean Beach*, No. 24-2033-cv, 2025 WL 1077405, at *3 n.3 (2d Cir. Apr. 10, 2025) (summary order). But a party may also waive an argument first raised in reply by "adopt[ing] an inconsistent position in [its] opening brief." *CollegeStreet Imp. & Exp. (Tianjin) Co. v. TL x HF, LLC*, 777 F. Supp. 3d 238, 247 (S.D.N.Y. 2025).

because the plaintiffs "were not prejudiced" nor "taken by surprise," having "addressed the same issue themselves" in their briefing); *Revise Clothing*, 687 F. Supp. 2d at 387 (declining to strike a reply affidavit, concluding that the nonmoving party "suffered no prejudice because it . . . submitted a surreply and also had the opportunity to present evidence at the evidentiary hearing").

In light of the standards above—and considering the "strong public policy [that] favors resolving disputes on the merits," *S.E.C. v. Stewart*, No. 98 Civ. 2636 (LAP), 2024 WL 382370, at *2 (S.D.N.Y. Feb. 1, 2024) (citation modified)—the Court denies Energizer's motion to strike but grants Energizer the opportunity to file a sur-reply. *See Escobar v. Correa*, No. 22 Civ. 8434 (MMG), 2024 WL 4042122, at *6 (S.D.N.Y. Sept. 4, 2024) (explaining that "district courts have discretion to consider arguments first raised in reply briefs, which discretion can be exercised by either ignoring the new arguments or granting permission for a sur-reply"). Energizer may respond to Duracell's allegedly new arguments or evidence in that sur-reply, and it may present responsive evidence (as well as make responsive legal arguments) at the upcoming hearing on Duracell's motion for a preliminary injunction. Energizer shall file any sur-reply no later than 10:00 a.m. on August 22, 2025. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 41.

SO ORDERED.

Dated: August 18, 2025
      New York, New York

                                        JOHN P. CRONAN
                                      United States District Judge